UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Susan F. Mikan, | Case No. 5:15 cv 250 |
| Plaintiff(s), | |
| vs. | JUDGE JOHN R. ADAMS |
| Arbors at Fairlawn Care, L.L.C., | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second and Third Causes of Action (Doc. 5). Defendant, Arbors at Fairlawn, contends that Plaintiff, Susan F. Mikan, has failed to sufficiently plead causes of action for wrongful discharge and emotional distress in conjunction with her claims under the Family Medical Leave Act, Section 2601 et seq., Title 29, U.S. Code ("FMLA"). For the following reasons, the Defendant's motion is GRANTED.

I.  FACTS

Plaintiff, Susan F. Mikan, sets forth three claims against Defendant, Arbors at Fairlawn, LLC. Plaintiff was employed by Defendant, nursing facility in Fairlawn, Ohio, as a registered nurse for more than ten years, beginning in February 2004. Plaintiff was placed on administrative leave by her employer on July 18, 2014 due to a pending investigation into a patient's fall. Plaintiff states that she was aware she would need to request FMLA leave prior to

being placed on administrative leave, however, she did not inform her employer of the need until she requested FMLA paperwork on July 28, 2015, ten days after she was placed on Administrative Leave. According to Plaintiff, on July 28, 2015, she was told Human Resources would respond to her FMLA request with the necessary paperwork. Instead, Plaintiff states, she was terminated by Human Resources about an hour later that same day. Plaintiff now alleges that her employment was terminated in violation of the FMLA (Count One), that her termination was wrongful, in violation of public policy (Count Two), and that her termination resulted in emotional distress (Count Three).

## II. STANDARD OF REVIEW

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). The Sixth Circuit explains:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' 'Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 555, 570. A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). The complaint must rise to the level of "plausibility" by containing "more than labels and conclusions;" a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 564. The plausibility

standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. ANALYSIS

Defendant seeks dismissal of Plaintiff's wrongful discharge and emotional distress claims, presented as counts two and three of the Complaint.

**(a) Count Two – Wrongful Discharge in Violation of Public Policy**

With regard to Count Two, Defendant contends that Plaintiff is barred from simultaneously asserting a claim for wrongful discharge and/or punitive damages when she has set forth a claim under the FMLA. For the following reasons, this Court agrees that dismissal of count two is warranted. Count Two is predicated on the same facts as Count One, the FMLA claim. Plaintiff states as the sole basis of her claim that she was wrongfully terminated in violation of public policy due to her attempt to exercise her rights under the FMLA. (Complaint, ¶ 20.) Ohio employment law does not recognize a separate cause of action for wrongful termination in violation of public policy if the statute establishing the policy contains its own remedy. The Ohio Supreme Court states: "Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests." *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 244, 773 N.E.2d 526 (2002). In *Wiles* the Ohio Supreme Court expressly declined to find a cause of action for wrongful

3

discharge in violation of public policy based solely on an employer's violation of the FMLA. *Id.* at 240.

This Court echoes the Sixth Circuit's acknowledgement of the Ohio Supreme Court's *Wiles* decision: "[the Court] concluded that because 'the statutory remedies in the FMLA adequately protect the public policy embedded in the [FMLA],' a case alleging a violation of the FMLA could not establish the requisite elements of a claim of wrongful discharge in violation of public policy." *Morris v. Family Dollar Stores of Ohio, Inc.,* 320 Fed.Appx. 330, 341 (6th Cir. 2009). Applying *Wiles* this Court joins colleagues in the Northern and Southern Districts of Ohio, to find there is no cause of action in Ohio for wrongful discharge in violation of public policy based upon an alleged violation of the FMLA. *See e.g.*, *James v. Diamond Prods.*, 1:14 CV 1138, 2014 WL 4285665 (N.D. Ohio, Aug. 27, 2014; *Morr v. Kamco Industries, Inc.,* 548 F.Supp.2d 472 (N.D. Ohio 2008); and *Johnson v. Honda of America Mfg., Inc.*, 221 F. Supp.2d 853 (S.D. Ohio 2002). Accordingly, count two of the complaint is DISMISSED.

**(b) Count Three – Emotional Distress**

Count three of the complaint makes a generic claim for "emotional distress" without specifying the "conduct and/or actions" directed at Plaintiff, identifying outrageous behavior, or stating whether the cause was "[deliberate], [intentional], [reckless] and/or [negligent]." (Complaint, ¶¶ 23-26.)  Ohio law recognizes two emotional distress torts: intentional infliction of emotional distress and negligent infliction of emotional distress.  Plaintiff does not state whether she is claiming negligent or intentional infliction of emotional distress, but makes an attempt to cover the elements of both offenses in her pleading.  To the extent that Plaintiff states a claim for negligent infliction of emotional distress, generally "Ohio courts do not recognize a separate tort for negligent infliction of emotional distress in the employment context." *Williams v. York Int'l*

*Corp.*, 63 F.App'x 808, 814 (6th Cir. 2003). See also, *Ray v. Libbey Glass, Inc.*, 133 F.Supp.2d 610, 620 (N.D.Ohio 2001). The complaint therefore fails to state a claim for negligent infliction of emotional distress on which relief can be granted.

The Ohio Supreme Court has "characterized" intentional infliction of emotional distress as involving "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another." *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999), citing *Yeager v. Local Union 20 Teamsters Chauffers, Warehousemen, and Helpers of America*, 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (Ohio 1983)[1]. The Ohio Supreme Court has identified three elements of an intentional infliction of emotional distress claim:

> (1) That the defendant intended to cause the plaintiff serious emotional distress,
> (2) That the defendant's conduct was extreme and outrageous, and
> (3) That the defendants conduct was the proximate cause of the plaintiff's serious emotional distress (internal citation omitted)
>
> Liability can only be found where conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Burgess v. Fischer*, 735 F.3d 462, 480 (6th Cir. 2013), citing *Phung v. Waste Mgmt., Inc.*, 71 Ohio St.3d 408, 644 N.E.2d 286, 289 (Ohio 1994), and *Yaeger, supra* at 671. To the extent that Plaintiff makes an intentional infliction of emotional distress, she has not pled facts establishing each element of the claim. Instead, what Plaintiff has pled is the exact "formulaic recitation of the elements" that "will not do" under *Twombley* without the factual content necessary to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iquibal, supra.* at 678. The complaint therefore fails to state a claim for intentional infliction of emotional distress. Accordingly, the third count of the complaint is DISMISSED.

---

[1] Subsequently abrogated in part by *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051 (Ohio 2007) – the abrogation was explicit, the Ohio Supreme Court noted that *contra Yeager* it would, for the first time, recognize a cause of action for invasion of privacy under a 'false light' theory.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Counts Two and Three of the Complaint is GRANTED.

**IT IS SO ORDERED**.

                                                */s/ John R. Adams*
                                             **U.S. DISTRICT COURT JUDGE**
                                             **NORTHERN DISTRICT OF OHIO**

Dated: September 23, 2015